UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD PHILIP KAUFMAN** | : |
| | : |
| and | : |
| | : |
| **MICHAEL NORLEY** | : Case No. 10-01610 (HHK) |
| Plaintiffs | : |
| v. | : |
| | : JULY TRIAL DEMANDED |
| **INTERNAL REVENUE SERVICE, et al.** | : |
| Defendants | : |

**REPLY IN SUPPORT OF THE DTCC DEFENDANTS'
MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendants The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson, and Ellen Fine Levine ("DTCC Defendants"), by and through their undersigned counsel, respectfully submit this Reply in support of their Motion To Set Aside Entry of Default, pursuant to Federal Rule of Civil Procedure 55(c) ("Motion"). [DKT #47].

Plaintiffs' Motion for Abatement of Defective Process ("Opp'n") [DKT #58]—a purported opposition to the DTCC Defendants' Motion—is replete with incomprehensible and unsupported arguments that have little, if any, bearing on the issues raised by the DTCC Defendants' Motion. (*See, e.g.,* Opp'n ¶ 11(c) (arguing that the Federal Rules of Civil Procedure "are inapposite and meaningless" to this Court).) To be sure, Plaintiffs' Opposition furnishes no meaningful, substantive response to the DTCC Defendants' contention that good cause exists to set aside the clerk's entry of default that was entered against them. Thus, Plaintiffs effectively concede—as they must—that the DTCC Defendants' Motion to Set Aside Entry of Default is well founded and should be granted.

1

The DTCC Defendants' Motion also requested leave from this Court to file a Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"), a copy of which was submitted as an exhibit to the Motion. [*See* DKT #47 at 5-6]. Plaintiffs proffer no good reason why the DTCC Defendants' request for leave should be denied—there is none. In the Motion to Dismiss, the DTCC Defendants have amply demonstrated that they have meritorious defenses that warrant setting aside the entry of default against them. Plaintiffs' Opposition does not even attempt to counter the statement of points and authorities in support of the DTCC Defendants' Motion to Dismiss, which shows that:

- Plaintiffs lack standing to bring this lawsuit against the DTCC Defendants on behalf of "The People of the State of Pennsylvania;"
- The Court lacks subject-matter jurisdiction over this matter;
- The Court lacks personal jurisdiction over the DTCC Defendants; and
- Plaintiffs' Complaint fails to state a claim against the DTCC Defendants upon which relief can be granted.

[DKT 47.1]. It should be noted that Plaintiffs' Opposition also addresses itself to the merits of the DTCC Defendants' Motion to Dismiss. (*See* Opp'n ¶ 11(d) (arguing that the DTCC Defendants' Motion to Dismiss should be denied because "Plaintiffs specifically do not consent to F[ed.] R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6) as repugnant to the Constitution with the exception of civil cases pled in admiralty"); *id.* ¶ 12 (addressing the DTCC Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).) Accordingly, it would be appropriate for the Court to deem the DTCC Defendants' Motion to Dismiss as fully briefed and ready for decision.

For the foregoing reasons, the DTCC Defendants pray that this Court grant their Motion and enter an order setting aside the entry of default against them. In addition, the DTCC

Defendants respectfully request that the Court treat their Motion to Dismiss as having been duly filed, and deem it to be fully briefed and ready for decision. Finally, the DTCC Defendants pray that the Court enter and order granting their Motion to Dismiss, and dismissing Plaintiffs' Complaint as to the DTCC Defendants, with prejudice.

                                        Respectfully submitted,

                                        **PROSKAUER ROSE LLP**

Date:   November 11, 2010                     _____/s/_____

                                        Benjamin R. Ogletree, ESQUIRE
                                        D.C. Bar No. 475094
                                        1001 Pennsylvania Avenue, NW
                                        Suite 400 South
                                        Washington, DC 20004
                                        Telephone: 202.416.6800
                                        Facsimile: 202.416.6899
                                        bogletree@proskauer.com

                                        *Attorney for Defendants The Depository Trust &*
                                        *Clearing Corporation, The Depository Trust*
                                        *Company, Donald F. Donahue, Larry E. Thompson,*
                                        *William B. Aimetti  and Ellen Fine Levine*

## CERTIFICATE OF SERVICE

Benjamin R. Ogletree, Esq., attorney for Defendants The Depository Trust & Clearing Corporation, Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson, and Ellen Fine Levine, hereby certifies that a true and correct copy of the foregoing Reply In Support of the DTCC Defendants' Motion To Set Aside Entry of Default was served upon the following individuals on this 11th day of November, 2010.

| **Via ECF** | **Via U.S. First Class Mail, postage pre-paid** |
| --- | --- |
| Lewis Robert Moffa, Jr., Esquire | Richard Philip Kaufman<br>311 Ivy Lane<br>Glen Mills, PA 19342 |
| Scott C. Gottel, Esquire | Michael Norley<br>910-912 Greene Countrie Drive<br>West Chester, PA 19380 |
| Jessica Sue Davis, Esquire |  |

**PROSKAUER ROSE LLP**

_____/s/_____
Benjamin R. Ogletree, Esq.
D.C. Bar No. 475094
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004
Telephone: 202.416.6800
Facsimile: 202.416.6899
bogletree@proskauer.com

*Attorney for Defendants The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson, and Ellen Fine Levine*