UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD PHILIP KAUFMAN | : |
| and | : |
| MICHAEL NORLEY | : Case No. 10-01610 (HHK) |
| Plaintiffs | : |
| v. | : |
| | : JULY TRIAL DEMANDED |
| INTERNAL REVENUE SERVICE, et al. | : |
| Defendants | : |

### THE DTCC DEFENDANTS' MOTION TO DISMISS
### PLAINTIFFS' COMPLAINT

Defendants The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson, and Ellen Fine Levine ("DTCC Defendants"), by and through their counsel, respectfully submit this Motion To Dismiss Plaintiffs' Complaint ("Motion") pursuant to Federal Rules of Civil Procedure 4, 12(b)(1), 12(b)(2), 12(b)(6) and 8(a).  As explained more fully in the DTCC Defendants' Statement of Points and Authorities, the Motion should be granted because (1) Plaintiffs lack standing to bring this lawsuit against the DTCC Defendants on behalf of "The People of the State [sic] of Pennsylvania;" (2) the Court lacks subject-matter jurisdiction over this matter; (3) the Court lacks personal jurisdiction over the DTCC Defendants; and (4) Plaintiffs' Complaint fails to state a claim against the DTCC Defendants upon which relief can be granted.

**WHEREFORE**, the DTCC Defendants pray that this Court grant the Motion and enter an order dismissing Plaintiffs' Complaint with prejudice.

        Respectfully submitted,

        **PROSKAUER ROSE LLP**

Date:   November 4, 2010

        /s/
        Benjamin R. Ogletree, Esq.
        D.C. Bar No. 475094
        1001 Pennsylvania Avenue, NW
        Suite 400 South
        Washington, DC 20004
        202.416.6800
        bogletree@proskauer.com

*Attorney for Defendants*
*The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti and Ellen Fine Levine*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD PHILIP KAUFMAN** | : |
| and | : |
| **MICHAEL NORLEY** | : Case No. 10-01610 (HHK) |
| **Plaintiffs** | : |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| **INTERNAL REVENUE SERVICE, et al.** | : |
| **Defendants** | : |

**THE DTCC DEFENDANTS' AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson and Ellen Fine Levine ("DTCC Defendants"), by and through their undersigned counsel, respectfully submit this Statement of Points and Authorities in support of their Motion To Dismiss Plaintiffs' Complaint ("Motion").

**BACKGROUND**

Plaintiffs bring this action purport on behalf of "The People of the State [sic] of Pennsylvania" against the DTCC Defendants, the U.S. Internal Revenue Service ("IRS") and other individuals, alleging that they violated a so-called "contract and promise on value (Sweat Equity) loaned" (the "Complaint"). (Dkt. #1.) Although the Complaint itself is nearly incomprehensible, Plaintiffs apparently are challenging the authority and conduct of the IRS and the U.S. financial industry, although the actual nature of the dispute and, to be sure, the basis for any claim against the DTCC Defendants, is not discernable.

A.  **SUMMARY OF ARGUMENT**

Plaintiffs' Complaint should be dismissed as to the DTCC Defendants for several reasons. Even if the DTCC Defendants were properly served with process,[1] the Complaint is fatally flawed because it cites no legal authority pursuant to which Plaintiffs may sue on behalf of the citizens of Pennsylvania. Nor have Plaintiffs pleaded a solitary fact establishing the Court's subject matter jurisdiction over this case or its personal jurisdiction over the DTCC Defendants. And, on the merits, the Complaint is unintelligible and otherwise bereft of any substantive allegations that could constitute a cognizable claim against the DTCC Defendants. The Complaint should therefore be dismissed as against the DTCC Defendants.

B.  **ARGUMENT**

   1. **Plaintiffs Lack Standing to Sue on Behalf of "The People of the State [sic] of Pennsylvania"**

Although Plaintiffs purport to bring this matter on behalf of "The People of the State [sic] of Pennsylvania," to our knowledge Pennsylvania law does not contain any statutory or common law basis for private parties to sue on behalf of Commonwealth. Nor do Plaintiffs offer any legal basis for purporting to act as a private attorney general. And certainly they have not alleged any facts demonstrating any harm to the people of Pennsylvania that could justify any suit in their name. Accordingly, Plaintiffs lack standing to sue on behalf of the People of the Commonwealth of Pennsylvania and the Complaint should be dismissed. Fox v. Leavitt, 572 F.Supp.2d 135, 144 (D.D.C. 2008) (dismissing complaint because Plaintiffs lacked standing).

---

[1] *See* DTCC Defendants' November 4, 2010 Motion to Set Aside Clerk's Entry of Default, filed contemporaneously with this Motion to Dismiss, regarding the issue of service.

## 2. The Court Lacks Personal and Subject Matter Jurisdiction Over The DTCC Defendants

Plaintiffs have failed to sustain their burden to demonstrate that the Court has jurisdiction over the DTCC Defendants, either personal or subject matter.

(a)

With respect to personal jurisdiction, Plaintiffs have the burden to plead jurisdictional facts. See Buesgens v. Brown, 567 F. Supp. 2d 26, 31 (D.D.C. 2008) ("Plaintiff must allege specific facts connecting the Defendant with the forum.") (quoting Second Amendment Foundation v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001) and citing Mwani v. Bin Laden, 368 U.S. App. D.C. 1, 7 (D.C. Cir. 2005)); see also GTE New Media Servs Inc. v. BellSouth Co., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (plaintiffs must demonstrate minimum contacts between the defendant and the forum in order to establish that the suit does not offend traditional notions of fair play and justice) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Here, Plaintiffs have not and cannot satisfy their burden to plead a jurisdictional basis against the DTCC Defendants. Beyond mere amorphous references to general concepts of personal jurisdiction, there are no specific jurisdictional allegations with respect to any of the DTCC Defendants. Thus, for example, there are no allegations that either of the corporate entities are incorporated or doing business in the District of Columbia. Nor are there any allegations that any of the individuals among the DTCC Defendants are residents of the District of Columbia or otherwise subject to personal jurisdiction in the District of Columbia.

Nor have plaintiffs pled a basis for invoking long-arm jurisdiction over the DTCC Defendants. See D.C. Code § 13-423(a) (2007); Majhor v. Kempthorne, 518 F. Supp. 2d 221, 236 (D.D.C. 2007) (citations omitted).

Plaintiffs have not and cannot allege that the DTCC Defendants have, with respect to any claim that they have even arguably asserted in this action: (a) transacted business in the District of Columbia; (b) contracted to supply services in the District of Columbia (c) caused plaintiffs any injury in the District of Columbia; and/or (d) committed an act or omission outside the District of Columbia causing injury in the District of Columbia by the DTCC Defendants.

Under these circumstances, and despite the fact that plaintiffs are appearing pro se, the Complaint should be dismissed. See Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (holding that a court cannot entertain "what[ever] claims a [pro se litigant] may or may not want to assert" without adequate jurisdictional basis.).

(b)

Plaintiffs have not satisfied their burden to plead the basis upon which the Court has subject matter jurisdiction. The vehicle for making this showing is the "short and plain statement" of jurisdictional facts required by Rule 8 of the Federal Rules of Civil Procedure. Spartalj-Waters v. U.S., No. 87-1131-OG., 1987 WL 19626, 1 (D.D.C. 1987). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." Sykes v. Dudas 573 F.Supp.2d 191, 198 (D.D.C. 2008) (quoting Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1106 (D.C. Cir. 2005)). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, however, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. Id.

Here, the Complaint is devoid of any facts demonstrating subject matter jurisdiction. "In the absence of sufficient allegations of jurisdictional facts, the Court is obligated to dismiss the action for lack of subject matter jurisdiction." Spartalj-Waters, 1987 WL 19626, at *1. (citing

6

Bouchet v. National Urban League, 730 F.2d 799, 805 (D.C.Cir.1984) (stating that a federal court has duty to determine if it has jurisdiction)).  Therefore, the Complaint should be dismissed for lack of subject matter jurisdiction.

### 3. Plaintiffs Fail to State a Claim Upon Which Relief May Be Granted

The Complaint violates Rule 8(a) for failing to have pled sufficient material facts and should be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief may granted.

In the first instance, the Complaint barely refers to the DTCC Defendants and, when it does, the references are entirely conclusory and incomprehensible. Thus, Plaintiffs allege that DTC "operates in commerce as a secret depository and clearing entity for various birth-event credit securities that have been hypothecated without disclosure against Plaintiffs' sweat equity in the creation of private credit money." Complaint ¶ 14.  This seems to be the essence of the claim against the DTCC Defendants who appear to be named in this complaint for no reason other than they play a role in the U.S. financial system.

It is axiomatic that, while detailed factual allegations are not required to state a claim, the Federal Rules require more than unsubstantiated accusations.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). This complaint does not even rise to the level of unsubstantiated allegations.  Rather, it is a diatribe against the U.S. financial system and does not remotely constitute "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a).   Nowhere, no matter how liberally the complaint is read, have plaintiffs alleged any right to relief under any principle of law.  Based on this complaint, the DTCC Defendants have no possible way of

knowing why plaintiffs have joined them in this action. Plaintiffs have failed to state a cause of action and, pursuant to Rule 12(b)(6), the complaint should be dismissed.

**D.**     **CONCLUSION**

For the forgoing reasons, The DTCC Defendants respectfully request that this Court dismiss Plaintiffs' Complaint, with prejudice.

> Respectfully submitted,
>
> **PROSKAUER ROSE LLP**

Dated:  November 4, 2010

> _____/s/_____
> Benjamin R. Ogletree, Esq.
> D.C. Bar No. 475094
> 1001 Pennsylvania Avenue, NW
> Suite 400 South
> Washington, DC 20004
> 202.416.6800
> bogletree@proskauer.com
>
> *Attorney for Defendants,*
> *The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson, and Ellen Fine Levine*

**CERTIFICATE OF SERVICE**

Benjamin R. Ogletree, Esq., attorney for Defendants, The Depository Trust & Clearing Corporation, Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson, and Ellen Fine Levine, hereby certify that a true and correct copy of their Motion to Dismiss Plaintiff's Complaint was served upon the following individual(s) via ECF or U.S. mail this 4th day of November, 2010.

Richard Philip Kaufman
311 Ivy Lane
Glen Mills, PA 19342
**(SERVED BY U.S. FIRST CLASS MAIL POSTAGE PREPAID)**

Michael Norley
910-912 Greene Countrie Drive
West Chester, PA 19380
**(SERVED BY U.S. FIRST CLASS MAIL POSTAGE PREPAID)**

Lewis Robert Moffa, Jr., Esquire
**(SERVED BY ECF)**

Scott C. Gottel, Esquire
**(SERVED BY ECF)**

**PROSKAUER ROSE LLP**
             /s/
Benjamin R. Ogletree, Esq.
D.C. Bar No. 475094
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004
202.416.6800
bogletree@proskauer.com

*Attorney for Defendants,*
*The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson, and Ellen Fine Levine*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD PHILIP KAUFMAN** | : |
| | : |
| **and** | : |
| | : |
| **MICHAEL NORLEY** | : Case No. 10-01610 (HHK) |
| **Plaintiffs** | : |
| v. | : |
| | : JULY TRIAL DEMANDED |
| **INTERNAL REVENUE SERVICE, et al.** | : |
| **Defendants** | : |

## ORDER

AND NOW, this      day of            , 2010, Defendants The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson and Ellen Fine Levine, Motion to Dismiss is hereby GRANTED.

Plaintiffs' Complaint against The Depository Trust & Clearing Corporation, The Depository Trust Company, Donald F. Donahue, William B. Aimetti, Larry E. Thompson and Ellen Fine Levine is hereby DISMISSED with prejudice.

By the Court:

_____
The Honorable Henry H. Kennedy, Jr.